Case 7:24-cv-05981-PMH    Document 9    Filed 09/23/24    Page 1 of 2



**George Latimer**
**County Executive**

Department of Law

John M. Nonna
County Attorney

> Application granted in part. The October 10, 2024 initial conference is adjourned *sine die*. The proposed Civil Case Discovery Plan and Order will still be due one week before the adjourned date of the initial conference. Plaintiff is directed to file a response to this letter by 9/27/2024 regarding the 160.50 release and, in particular, when that release will be provided.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        September 23, 2024

**VIA CM/ECF**

Honorable Phillip M. Halpern
U.S. District Court, Southern District of New York
United States District Courthouse
300 Quarropas St., Chambers 520
White Plains, NY 10601-4150

      **Re:**    **Letter Motion for Adjournment of Initial Conference *and* Extension of Deadline to Submit Proposed Case Management & Discovery Schedule**
*Robakidze v. The County of Westchester, et al.,* No. 24-cv-05981 (PMH) (S.D.N.Y.)

Your Honor,

    Pursuant to paragraph I(C) of this Court's Individual Practices in Civil Cases, dated May 19, 2024 ("Individual Practices"), defendant County of Westchester (the "County") hereby request:

    (i)    *Initial Conference*: An adjournment of the initial conference in this matter, which is currently scheduled for Thursday, October 10, 2024 (*see* CM/ECF Doc. No. 7), to a date sixty days after plaintiff Zaza Robakidze ("Plaintiff") serves this Office (via email or otherwise) with a release of criminal records that have been sealed pursuant to Section 160.50 of the New York Criminal Procedural Law (a "§ 160.50 Release"); and

    (ii)    *Proposed Discovery Schedule*: An extension of the deadline for the parties to submit their proposed case management and discovery schedule ("Proposed Discovery Schedule") until 5:00 p.m. on the evening before the adjourned date of the initial conference.

    This is the first request for an adjournment and for an extension. Plaintiff has not responded to communications regarding this request. Co-defendant, Town/Village of Harrison consents to adjournment.

Relevant Background

    On July 17, 2024, Plaintiff commenced the above-reference action in the Supreme Court of the State of New York, County of Westchester. *See* CM/ECF Doc. No. 1-1 (Notice of Removal, Exhibit 1) at 8–35 [hereinafter, "Complt."]). The crux of Plaintiff's complaint involves a prosecution that was allegedly terminated and dismissed by the Westchester County District Attorney's Office on January 5, 2024 (the "Underlying Prosecution"). Complt. ¶ 22. Plaintiff

Michaelian Office Building
148 Martine Avenue, 6th Floor
White Plains, New York 10601    Telephone: 914-995-2660    Fax: 914- 995-3132

alleges that the charges within the Underlying Prosecution were "baseless," "defamatory," and "without probable cause." Complt. ¶¶ 22, 25. To date, Plaintiff has not provided the County with a § 160.50 release for the Underlying Prosecution—without which, County Defendants cannot confirm evaluate the veracity of Plaintiff's claims.

On August 6, 2024, defendant Town/Village of Harrison removed the action to federal court. *See* CM/ECF Doc. No. 1 (Notice of Removal). On August 23, 2024, the Mediation Office of the United States District Court for the Southern Office (the "Mediation Office") designated this matter for participation in the Plan for Certain § 1983 Cases Against Police Departments in Westchester, Rockland, Putnam, Orange, Dutchess or Sullivan Counties (the "1983 Plan"). *See* Dkt. Entry of 08/23/2024 (No Document). As a result of that designation: service upon the County is not complete under they are served with a § 160.50 release and the County's time to answer or otherwise respond will be sixty days from the date they get the waiver (*see* 1983 Plan ¶¶ 1(a), 3). On August 23, 2024, this Office sent Plaintiff's counsel a letter requesting a § 160.50 Waiver in accordance with the 1983 Plan. *See* Exhibit A (Letter Requesting § 160.50 Release). As of the date of this letter motion, County Defendants have not received a § 160.50 Release.

Rationale for County Defendants' Request

By granting defendants at least eighty days from the date of service to answer a complaint, the 1983 Plan implicitly recognizes that (i) it takes time to marshal sealed criminal court documents, and (ii) such sealed criminal documents are susceptible to consideration on a motion to dismiss. *See Elek v. Inc. Vill. of Monroe*, 815 F. Supp. 3d 801, 805 (S.D.N.Y. 2011). Should the Court instead direct the parties to propose a case management and discovery schedule at this early date the County could spend the better part of discovery running down documents that should have been made available to them before they answer.[1]

                                          Respectfully submitted,

                                          **JOHN M. NONNA**
                                          Westchester County Attorney
                                          *Attorney for County Defendants*

By: *Robert Taglia*
                                          Robert Taglia
                                          Assistant County Attorney, of Counsel

CC:    All Parties (*via CM/ECF*)

---

[1] For the Court's reference, please see Case 7:24-cv-02055-KMK (Document 13) in which the Honorable Kenneth M. Karas responded to a similar request in a § 1983 Plan case by adjourning the preliminary conference, indefinitely, until service of the 160.50 waiver.